UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| SCOTT JOHNSON, | NO. CIV. 2:14-1663 WBS AC |
|---|---|
| Plaintiff, | MEMORANDUM AND ORDER RE: MOTION FOR SUMMARY JUDGMENT |
| v. | |
| LEONCIO NATERAS RUIZ; MARIA ISABEL RUIZ; ROBERT DEVITA; and DOES 1-10, | |
| Defendants. | |

----oo0oo----

Plaintiff Scott Johnson, a wheelchair-bound quadriplegic, brought this action against defendants Leoncio Nateras Ruiz, Maria Isabel Ruiz, and Robert Devita, who own and operate a store called Valley Trading Post. Plaintiff alleges that he visited Valley Trading Post and encountered barriers to access that violate the Americans With Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"), and related California laws. Plaintiff now moves for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Docket No. 12.)

1

1            Plaintiff is a quadriplegic who uses a wheelchair for
2   mobility and owns a specially equipped van with a lift that
3   deploys from the passenger side to accommodate his wheelchair.
4   (Decl. of Scott Johnson ("Johnson Decl.") ¶¶ 2-3 (Docket No. 12-
5   3).)  On April 8, 2014, plaintiff visited Valley Trading Post, a
6   store owned and operated by defendants in Stockton, California.
7   (Id. ¶ 5; Defs.' Answer ¶ 2 (Docket No. 5).)  The store's single
8   disabled parking space and access aisle was outlined with faded,
9   white paint instead of blue.  (See Johnson Decl. ¶ 7, Ex. 4.)
10  Several pieces of store merchandize were also placed in the
11  disabled parking space, preventing plaintiff from parking there.
12  (Id.)  Plaintiff therefore parked in an undesignated, non-
13  accessible parking space.  (Id. ¶ 5.)
14           Inside the store, plaintiff found a transaction counter
15  that measured fifty inches in height.  (See id. ¶ 6, Ex. 4.)
16  There was no lowered counter, and plaintiff could not see the top
17  of the transaction counter or use it from his wheelchair.  (Id. ¶
18  6.)
19           Plaintiff states that he attempted to visit the store
20  at least five additional times during the month of April 2014,
21  including on April 11, April 14, April 18, and two separate
22  occasions on April 21.  (Id. ¶ 7, 9.)  Each time he found the
23  disabled parking space blocked by store inventory, including
24  boats, motorbikes, bicycles, lawnmowers, and other merchandize.
25  (Id. ¶ 7, Ex. 4.)  Plaintiff took photographs of the parking
26  space on each occasion.  (See id. Ex. 4.)
27           Plaintiff's lawsuit asserts four claims: (1) violations
28  of the ADA, 42 U.S.C. § 12101 et seq.; (2) violations of

2

California's Unruh Civil Rights Act ("UCRA"), Cal. Civ. Code §§ 51 et seq.; (3) violations of the California Disabled Persons Act, Cal. Civ. Code § 54-54.8; and (4) common-law negligence. (Compl. ¶¶ 14-26 (Docket No. 1).)  Plaintiff moves for summary judgment as to his first two claims and states in his motion that he will stipulate to dismiss his California Disabled Persons Act and negligence claims if the court grants summary judgment as to his claims under the ADA and UCRA.[1]  (Pl.'s Mem. at 3.)

   Plaintiff requests injunctive relief ordering defendants to make their facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA.  (See Compl. at 7; Pl.'s Mem. at 10.)  He also seeks $8,000 in statutory damages.  (See Pl.'s Mem. at 10-11.)

   Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A material fact is one that could affect the outcome of the suit, and a genuine issue is one that could permit a reasonable jury to enter a verdict in the non-moving party's favor.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The party moving for summary judgment bears the initial

---

[1] Plaintiff has not yet presented the court with a stipulation to this effect signed by both parties.  As the court has previously explained in another case involving the same plaintiff, Federal Rule of Civil Procedure 15 governs the unilateral withdrawal of claims.  See Johnson v. Wayside Prop., Inc., 41 F. Supp. 3d 973, 975 n.2 (E.D. Cal. 2014) (citing Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 687 (9th Cir. 2005)).  If plaintiff intends to withdraw his third and fourth claims, he must either explain why dismissal is appropriate under Rule 15 or submit a stipulation signed by both parties.

burden of establishing the absence of a genuine issue of material fact and can satisfy this burden by presenting evidence that negates an essential element of the non-moving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Alternatively, the moving party can demonstrate that the non-moving party cannot produce evidence to support an essential element upon which it will bear the burden of proof at trial. Id.

Once the moving party meets its initial burden, the burden shifts to the non-moving party to "designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324 (quoting then-Fed. R. Civ. P. 56(e)).  To carry this burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477 U.S. at 252.

In deciding a summary judgment motion, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. Id. at 255.  "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment . . . ." Id.

Defendants do not dispute that their property was not fully ADA compliant, and they offer no evidence to refute the

4

alleged violations. (Defs.' Opp'n at 1 (Docket No. 13).) Accordingly, because there is no genuine dispute regarding the existence of barriers to access, the court will enter summary judgment for plaintiff on the issue of liability under the ADA and the UCRA.[2]

Defendants challenge goes only to the amount of monetary damages due to plaintiff under the UCRA. (Defs.' Opp'n at 2-3.) Unlike the ADA, the UCRA permits plaintiffs aggrieved by barriers to access to recover monetary damages. Cal. Civ. Code § 52(a); Munson v. Del Taco, Inc., 46 Cal. 4th 661, 669 (2009). Even if a defendant has removed barriers to access and thereby mooted the plaintiff's ADA claim, those remedial measures will not moot a UCRA claim for damages. Wilson v. Pier 1 Imports (US), Inc., 439 F. Supp. 2d 1054, 1069 (E.D. Cal. 2006) (Karlton, J.) (citing Grove v. De La Cruz, 407 F. Supp. 2d 1126, 1131 (C.D. Cal. 2005)).

The UCRA provides statutory damages for each occasion a plaintiff is denied full and equal access. Cal. Civ. Code §§ 52(a), 55.56(e). Plaintiff has presented undisputed evidence that he visited Valley Trading Post a total of six times, and each time he found the accessible parking spot obstructed by defendants' inventory.[3] The minimum statutory damages available

---

[2] The UCRA "incorporates the substantive standards of the ADA and creates a private right of action as a matter of state law." Dep't of Fair Emp't & Hous. v. Law School Admission Council Inc., 896 F.Supp.2d 849, 865 (N.D. Cal. 2012). The law provides that "[a] violation of the right of any individual under the federal Americans with Disabilities Act of 1990 . . . shall also constitute a violation of [the UCRA]." Cal. Civ. Code § 51(f).

[3] Plaintiff has provided date-stamped photographs of the

for each visit is $4,000.  See Cal. Civ. Code § 52(a).

However, "in an action alleging multiple claims for the same construction-related accessibility violation on different particular occasions," California law requires the trier of fact to "consider the reasonableness of the plaintiff's conduct in light of the plaintiff's obligation, if any, to mitigate damages."  Id. § 55.56(h).  Plaintiff initially requested $8,000 or the equivalent of two visits.  However, he has presented no evidence of any effort to mitigate damages.  For example, there is no evidence that plaintiff alerted defendants to the barriers he encountered before returning to their store, and plaintiff has not suggested any reason why he may have expected the barriers to be removed upon his return visits.  See Yates v. Vishal Corp., Civ. No. 11-00643 JCS, 2013 WL 6073516, at *4 (N.D. Cal. Nov. 18, 2013) ("One way that plaintiffs may fail to meet their duty [to mitigate damages] is to make multiple visits to the same facility before they could reasonably expect that the barrier was corrected; this is sometimes referred to as stacking.")

Rather than argue the point, plaintiff's reply brief further limited his requested relief to $4,000--the minimum damages available for a single occasion he was denied full and equal access.  (Pl.'s Reply at 2 (Docket No. 14).)  This concession eliminates the obstacle of mitigation.  The court will therefore grant summary judgment for plaintiffs in the amount of $4,000.

At oral argument, the court noted--and the parties

---

parking space from each visit.  (Johnson Decl. Ex. 4.)

1  agreed--that this case could have been settled much earlier for
2  the same amount.  Counsel for both sides represented that similar
3  disability-related cases filed by this same plaintiff routinely
4  settle for $4,000 before the filing of a dispositive motion.  In
5  those cases, counsel agree that the plaintiff's attorney's fees
6  generally amount to no more than $6,000 to $8,000.  Yet,
7  plaintiff's decision to hold out for a damage award of $8,000
8  until the last minute has caused him to incur seemingly
9  unnecessary attorneys' fees that he may later seek to recover
10 from defendants.  Accordingly, the court cautions counsel to
11 seriously take this fact into account in deciding how much to ask
12 for in attorney's fees in this case.
13           IT IS THEREFORE ORDERED that plaintiff's motion for
14 summary judgment be, and the same hereby is, GRANTED.  Plaintiff
15 is hereby granted an injunction requiring defendants to provide a
16 lowered transaction counter and adequate accessible parking that
17 is not blocked by inventory in compliance with the Americans with
18 Disabilities Act of 1990 and the Americans with Disabilities Act
19 Accessibility Guidelines contained in 28 C.F.R. Part 36.  The
20 court further awards plaintiff statutory damages in the amount of
21 $4,000.
22 Dated:  June 29, 2015

_WILLIAM B. SHUBB_
_UNITED STATES DISTRICT JUDGE_